JAVION D. WOODEN,

                Plaintiff,

v.                                  Case No. 26-cv-609-pp

KELLIE WILTSIE, *et al.*,

                Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A

Plaintiff Javion D. Wooden, who is incarcerated at Waupun Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

## I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On April 13, 2026, the court ordered the plaintiff to pay an initial partial filing fee of $33.24. Dkt. No. 5. The court received that fee on May 8, 2026. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

## II.     Screening the Complaint

### A.     Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

2

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter C'nty Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. C'nty of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.     The Plaintiff's Allegations

The plaintiff sues Kellie Wiltsie, Torria Van Buren, Psychological Services Unit, Waupun Correctional Institution and Wisconsin Department of Corrections. Dkt. No. 1 at 1. The plaintiff alleges that on July 15, 2025, while incarcerated at Waupun, Wiltsie and Van Buren "took away [his] Bipolar 1 diagnosis because [he] requested for [his] clinician to be changed due to them being negligent [] by leaving [his] double bunk restriction on [him] by accident due to them forgetting to remove it." Id. at 2. The plaintiff states that bipolar 1 is an incurable disorder, and that taking away his diagnosis made him unable to receive the proper treatment. Id.

For relief, the plaintiff seeks $90 billion, for Wiltsie and Van Buren to lose their jobs and to be freed from the custody of the Department of Corrections. Id. at 4.

C.     Analysis

The psychological services unit, Waupun Correctional Institution and the Wisconsin Department of Corrections are not proper defendants. "[S]tates and their agencies are not 'persons' subject to suit under 42 U.S.C. § 1983." Johnson v. Supreme Court of Ill., 165 F.3d 1140, 1141 (7th Cir. 1999). This means that "[n]either the State of Wisconsin nor the State's Department of Corrections is a proper defendant." Andreola v. Wisconsin, 171 F. App'x 514, 515 (7th Cir. 2006). Waupun Correctional Institution is one of several institutions within the Department of Corrections, and the psychological services unit is a department at the institution. Because they are not "persons" subject to suit under §1983, the court will dismiss the psychological services unit, Waupun Correctional Institution and the Wisconsin Department of Corrections.

"The Eighth Amendment's ban on 'cruel and unusual punishments' obligates prison officials to provide medical care to prisoners in their custody." Sanders v. Moss, 153 F.4th 557, 567 (7th Cir. 2025) (quoting Dean v. Wexford Health Sources, Inc., 18 F.4th 214, 234 (7th Cir. 2021)); see also Estelle v. Gamble, 429 U.S. 97, 102 (1976). A prison official's "deliberate indifference to serious medical needs of prisoners" violates the Eighth Amendment. Sanders, 153 F.4th at 567 (quoting Estelle, 429 U.S. at 104). The plaintiff must satisfy

4

two prongs to prove a deliberate indifference claim. First, he must show that he suffers from an "objectively serious medical condition." Id. (quoting Petties v. Carter, 836 F.3d 722, 728 (7th Cir. 2016) (en banc)). The plaintiff must also establish that the prison official acted with a "sufficiently culpable state of mind." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)); see also Wilson v. Seiter, 501 U.S. 294, 297 (1991). "A prison official has a sufficiently culpable state of mind when the official 'knew of a substantial risk of harm to the inmate and acted or failed to act in disregard of that risk.'" Sanders, 153 F.4th at 568 (quoting Farmer, 511 U.S. at 834).

The court assumes at the screening stage that the plaintiff's bipolar 1 diagnosis amounts to a serious medical need. See Sanville v. McCaughtry, 266 F.3d 724, 734 (7th Cir. 2001) ("[t]he need for a mental illness to be treated could certainly be considered a serious medical need."). The plaintiff may proceed on an Eighth Amendment claim against Wiltsie and Van Buren in their individual capacities for allegedly refusing to treat the plaintiff's mental illness.

The plaintiff also alleges that Wiltsie and Van Buren "took away" his bipolar 1 diagnosis because the plaintiff asked for his clinician to be changed based on their alleged negligence. To prevail on a First Amendment claim for retaliation, a plaintiff must establish that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." Perez v. Fenoglio, 792 F.3d 768, 783 (7th Cir. 2015). The

5

plaintiff's allegations satisfy this standard, and he also may proceed on a retaliation claim against Wiltsie and Van Buren in their individual capacities.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DISMISSES** defendants Psychological Services Unit, Waupun Correctional Institution and Wisconsin Department of Corrections.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendants Kellie Wiltsie and Torria Van Buren. Under the informal service agreement, the court **ORDERS** those defendants to file a responsive pleading to the complaint within sixty days.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$316.76** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Waupun Correctional Institution, where the plaintiff is confined.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody

---

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 9th day of July, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**